

FILED

JUL 2 9 2014

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

1:14mc39

| | |
|---|---|
| KENTUCKY FUEL CORP. | CIVIL ACTION |
| VERSUS | NO: 13-6538 |
| CELTIC MARINE CORP. | SECTION: "J" (2) |

## ORDER & REASONS

Before the Court is Celtic Marine Corporation (Celtic)'s **Motion for Order Permitting Registration of Judgment for Enforcement in Other Districts (Rec. Doc. 62)** and Kentucky Fuel Corporation (KFC)'s opposition thereto. (Rec. Doc. 63) The motion was set for hearing on July 16, 2014, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This matter involves a series of contract disputes between Celtic and KFC arising from an initial agreement for Celtic to arrange for the transport of KFC's metallurgical coal in barges

1

along inland rivers. The Court is well-acquainted with the facts of this matter, thus only the pertinent facts will be summarized below.

The litigation of the contracts at issue commenced in 2011 when Celtic filed a breach of contract action against James C. Justice Companies, Inc. (Justice), KFC's parent company. (Civil Action 11-3005, the "Justice litigation").[1] The matter was resolved in February 2012 via a settlement agreement between KFC, Justice, and Celtic wherein KFC agreed to enter into a second service agreement with Celtic and to pay continuing demurrage pending the removal of the cargo from the barges at issue, and Justice agreed to make certain settlement payments and to guarantee KFC's demurrage payments. KFC and Justice failed to perform the entirety of the obligations included in the February Settlement Agreement, so, in October 2012, the parties confected another settlement agreement in which KFC and Justice agreed to make certain settlement payments, and KFC and Justice each guaranteed the debts of the other. In January 2013, alleging that Justice had breached the settlements, Celtic successfully moved the Court to re-open the matter to enforce the settlement

---

[1] References to documents from the Justice litigation's docket will be denoted as "Justice Rec. Doc." and references to documents from the KFC litigation's docket will be denoted "KFC Rec. Doc."

agreements.   (Justice Rec. Docs. 11, 46)

In September 2013, the Court entered a partial final judgment in the Justice litigation in favor of Celtic, leaving some issues to be resolved after further briefing. (Justice Rec. Doc. 105) Following several motions to amend the judgment with respect to the precise dollar amount owed, the Court subsequently entered amended partial final judgments in November 2013 and March 2014. (Justice Rec. Docs. 121, 136, 145) The Court in May 2014 resolved the remaining issues in the litigation that the initial judgment did not resolve. (Justice Rec. Doc. 177) Justice appealed these judgments, and its appeal is currently pending before the Fifth Circuit. (Justice Rec. Docs. 122, 149, 185). Justice failed to post a supersedeas bond as ordered by this Court (Justice Rec. Doc. 172) to stay enforcement of the March 2014 judgment during the pendency of the appeal.

Despite the ongoing litigation in this Court, KFC filed a complaint in March 2013 in the Eastern District of Kentucky alleging that Celtic was liable for damages to the cargo at issue in the Justice litigation (the "KFC litigation"). (KFC Rec. Doc. 1) In lieu of answering the complaint, Celtic filed a motion to transfer the KFC litigation to this Court, and the Kentucky Court granted the motion and transferred the case in November 2013. (KFC Rec. Doc. 22) Following the transfer, Celtic answered the

complaint and filed a counterclaim against KFC alleging that KFC is liable for breach of contract based on its alleged failure to honor numerous contractual obligations to Celtic. Celtic filed a motion for summary judgment on both KFC's claims and its own counterclaims, and the Court granted the motion with regard to KFC's claims and (KFC Rec. Doc. 57) and later granted in part and denied in part the motion with regard to Celtic's counterclaims. (KFC Rec. Doc. 59) The Court entered final judgment in favor of Celtic on June 18, 2014. (KFC Rec. Doc. 61) Celtic therefore was entitled to begin enforcement proceedings on the June 18, 2014, final judgment earlier this month, following the expiration of the automatic stay of Fed. R. Civ. P. 62(a).

Seeking to enforce the Court's judgment in its favor, on June 30, 2014, Celtic moved this Court for an order permitting registration of the June 18, 2014, final judgment in the district courts of "Kentucky, Virginia, West Virginia, South Carolina, as well as other states" in which KFC or Justice has assets. (KFC Rec. Doc. 62) Celtic's motion and KFC's opposition (KFC Rec. Doc. 63) are the subject of this order.

## LEGAL STANDARD

Under 28 U.S.C. § 1963, a judgment creditor may register a district court's judgment for the recovery of money or property "when the judgment has become final by appeal or expiration of

the time for appeal or when ordered by the court that entered the judgment for good cause shown." Id. Although the statute does not define "good cause," "[c]ourts have interpreted [it to require] 'a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment.'" Hockerson-Halberstadt, Inc. v. Nike, Inc., No. CIV.A.91-1720, 2002 WL 511542, at *1 (E.D. La. Apr. 3, 2002) (citing Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp., 951 F. Supp. 51, 52 (S.D.N.Y. 1997)). The judgment creditor may make the requisite "showing" of good cause by asserting in its motion that the judgment debtor lacks assets in the rendering district and has substantial assets in the registering district. See Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 373 (7th Cir. 1991)(finding that, in the absence of a bond, the moving party's assertions in its motion as to a lack of assets in the rendering district and substantial property in other districts constituted "good cause"); Lear Siegler Servs. v. Ensil Int'l Corp., No. SA-05-CV-679-XR, 2010 WL 2594872, at *1 (W.D. Tex. June 23, 2010). A judgment debtor's refusal to post a supersedeas bond further supports the existence of good cause. See id.; Henckels & McCoy, Inc. v. Adochio, No. Civ. 94-3958, 1997 WL 535800, at *2 (E.D. Pa. July 31, 1997). A court's decision of whether there exists

good cause to allow registration of a judgment not yet final by appeal lies in the court's discretion. <u>Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negrara</u>, No. Civ.A. H01-0634, 2002 WL 32107930, at *1 (S.D. Tex. Feb. 20, 2002)(citing <u>Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.</u>, 259 F.3d 1186, 1197 (9th Cir. 2001)).

<u>DISCUSSION</u>

Celtic moves the Court to permit registration of its June 18, 2014, judgment in several districts. Celtic argues that good cause exists under 28 U.S.C. § 1963 because Justice failed to post the supersedeas bond to obtain a stay of the March 6, 2014, judgment in the Justice litigation; a search revealed no assets of KFC or its parent company, Justice, in Louisiana; and the search "show[ed] that KFC has assets in Kentucky and that Justice, who is jointly and solidarily liable for the judgment, has assets in West Virginia, and may have assets in Virginia and South Carolina."

In opposition, KFC asserts that the Court lacks good cause. KFC stresses the general rule that only judgments that have become final by appeal or by expiration of the time for appeal may be registered for enforcement in other districts. The only exception to this rule, the "good cause" exception, exists "to protect judgment creditors from being prejudiced by the debtor's

acts during the delay between judgment and completion of the appeal." That is, it protects judgment creditors from debtors who may conceal assets during the pendency of the appeal. Thus, according to KFC, where there are no allegations of wrongdoing or reasons to suspect future wrongdoing, there is no "good cause" to permit registration of the judgment before its finality by appeal.

The Court finds that there exists good cause to permit Celtic to register the June 18, 2014, judgment in Kentucky and West Virginia, but finds no such good cause to permit registration in Virginia and South Carolina. Celtic has shown good cause for registration in Kentucky and West Virginia. First, Justice, KFC's parent company, failed to post a supersedeas bond as ordered by this Court to stay enforcement of the March 6, 2014, judgment in the Justice litigation. Second, Celtic asserts that a search for KFC and Justice assets in Louisiana has revealed nothing and indicates that KFC possesses assets in Kentucky and that Justice has assets in West Virginia. Third, although allegations of wrongdoing would certainly support a finding of good cause, Celtic need not show such wrongdoing to prove good cause. Therefore, this Court will exercise its discretion to permit Celtic to register its June 18, 2014, judgment in Kentucky and West Virginia.

First, in the Justice litigation, Justice failed to post a supersedeas bond as ordered by this Court to stay enforcement of the March 6, 2014, judgment pending an appeal. (Justice Rec. Doc. 172)   Courts have held that permission to register a judgment should be "deferred until after a judgment debtor refuses or fails to post a supersedeas bond." Lear Siegler Servs., 2010 WL 2594872, at *1. Justice had two weeks following this Court's May 12, 2014, order in which to post a supersedeas bond staying enforcement of the March 6, 2014 judgment. It did not do so. Because KFC has not yet appealed the June 18, 2014 judgment, this Court has not had to order KFC to post a supersedeas bond in the KFC litigation. Nevertheless, this Court agrees with Celtic's assertion that "KFC reasonably can be expected not to post bond if it appeals [the June 18, 2014 judgment]." Further, the automatic stay of Fed. R. Civ. P. 62(a) has expired, and Celtic may now seek to enforce the June 18, 2014, judgment. To now force Celtic to wait to enforce the judgment until after KFC has appealed the June 18, 2014, judgment so that this Court may order KFC to post a supersedeas bond so that KFC may then risk failing to post such bond seems both illogical and counter to the intent behind the 1988 revision to 28 U.S.C. § 1963. See David D. Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963 (West).

Second, Celtic asserts that both KFC and its parent company,

8

Justice, lack assets in Louisiana and are possessed of assets in Kentucky and West Virginia, respectively. In its opposition, KFC does not refute these assertions. The United States Court of Appeals for the Seventh Circuit has affirmed a finding of good cause based on similar statements. See Chicago Downs, 944 F.2d at 373. In Chicago Downs, the Seventh Circuit held that the district court did not abuse its discretion when it based its finding of good cause upon assertions in the judgment creditor's motion that the judgment debtor lacked assets in the rendering district and had substantial assets in the registering district. 944 F.2d at 371-72. Similarly, here, Celtic urged in its motion that both KFC and Justice lack assets in Louisiana and possess assets in Kentucky and West Virginia, respectively.[2] Celtic has shown good cause to register the judgment in Kentucky and West Virginia. Although it is true that the judgment creditor in Chicago Downs also noted in its motion that it feared the judgment debtor would transfer or conceal assets, such a showing is not required to support a finding of good cause. See David D. Siegel, Commentary

---

[2] The Court acknowledges that Celtic does not state that KFC and Justice have "substantial" assets in Kentucky and West Virginia in the KFC litigation's motion to register the judgment. Their motion therefore does not perfectly parrot the standard recited by most courts, but this slight alteration is not fatal. See Henkels & McCoy, Inc. v. Adochio, No. Civ.A. 94-3958, 1997 WL 535899, at *2 (E.D. Pa. July 31, 1997) (permitting registration in districts where the judgment debtor possessed assets, without requiring that they be substantial).

on 1988 Revision, 28 U.S.C. § 1963 (West).

Third, contrary to KFC's arguments, a judgment creditor is not required to allege any wrongdoing on the part of the judgment debtor to show that good cause exists to permit registration of a judgment. See Lear Siegler Servs., 2010 WL 2594872, at *1. West's commentary to 28 U.S.C. § 1963 further supports this view, stating that requiring a judgment creditor to show that the judgment debtor would conceal assets to prevent enforcement would "require more evidence than it is fair to exact" on a judgment creditor who has already won on the merits. David D. Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963 (West). As such, Celtic has shown that good cause exists to permit registration of this Court's June 18, 2014 judgment in Kentucky and West Virginia.

By contrast, Celtic has not shown that there exists good cause to register the judgment in Virginia and South Carolina, and other states in which KFC or Justice "may" have assets. Celtic has not indicated that it conducted any search revealing KFC or Justice assets in these states. Consequently, it has not met its burden to show that there exists good cause to permit registration. See Jack Frost Labs., Inc., 951 F. Supp. at 52 (allowing registration only in the state in which judgment creditor showed the judgment debtor had substantial assets).

10

Accordingly,

**IT IS ORDERED** that Celtic Marine Corporation's **Motion for Order Permitting Registration of Judgment for Enforcement in Other Districts** (Rec. Doc. 62) is hereby **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** Celtic's request for an order to register the June 18, 2014 judgment in Kentucky and West Virginia. The Court **DENIES** Celtic's request for an order permitting registration in Virginia, South Carolina, and other states, but will allow Celtic to refile this motion upon a more convincing showing of good cause.

New Orleans, Louisiana this 18th day of July, 2014.

CLERK'S OFFICE
A TRUE COPY
Jul 25 2014

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE